**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LORI BAZINETT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-02246 |
| v. | ) ) | |
| PREGIS LLC, | ) ) | |
| Defendant. | ) ) ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Dated:   June 5, 2023.                                   Respectfully submitted,


By:   _/s/ Jennifer H. Kay_____
          One of the Attorneys for Defendant
          **PREGIS, LLC**

Jennifer H. Kay (ARDC No. 6226867)
**Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.**
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone:  312.558.1220
Facsimile:  312.807.3619
_jennifer.kay@ogletree.com_

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

I.    PRELIMINARY STATEMENT ............................................................................... 1

II.   RELEVANT FACTUAL ALLEGATIONS ............................................................. 2

III.  ARGUMENT ............................................................................................................ 3

    A. Applicable Legal Standards ............................................................................... 3

        i.  Federal Rules of Civil Procedure 12(b)(1) and (6) ..................................... 3

        ii. Article 6 and Relevant Legal Landscape ................................................... 4

    B. Plaintiffs Lack Standing Under Article III ........................................................ 6

        i.  Plaintiffs Concede They Were Paid All They Were Due and Thus
           Cannot Establish Standing By Reference to an Economic Loss .............................. 7

        ii. Pursuant to the Plain Language of § 198, Plaintiffs are not Entitled
           to Recover Liquidated Damages ................................................................. 8

    C. Plaintiffs' Pay Frequency Claim Must Be Dismissed Pursuant to Rule 12(b)(6) ......... 10

        i.  Vega was Wrongly Denied and There Can Be No Express Private
           Right of Action for an Untimely Payment ............................................... 11

        ii. Section 191 Does Not Contain an Implied Private Right of Action ...................... 13

IV. CONCLUSION ...................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

*Arciello v. Cnty. of Nassau*,
  No. 2:16-cv-3974 (ADS) (SIL), 2019 U.S. Dist. LEXIS 161167
  (E.D.N.Y. Sep. 20, 2019) ........................................................................................ 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 3

*Bright Homes, Inc. v. Wright*,
  8 N.Y.2d 157 (1960) ................................................................................................ 10

*Broder v. Cablevision Sys. Corp.*,
  418 F.3d 187 (2d Cir. 2005) .................................................................................... 10

*Coley v. Vannguard Urban Improvement Ass'n*,
  No. 12-CV-5565 (PKC) (RER), 2018 U.S. Dist. LEXIS 50787
  (E.D.N.Y. Mar. 27, 2018) ........................................................................................ 4

*Cruz v. TD Bank, N.A.*,
  22 N.Y.3d 61, 979 N.Y.S.2d 257 (2013) ................................................................ 14

*Day v. Tractor Supply Company*,
  22-CV-489-JLS-MJR, 2022 WL 19078129 (W.D.N.Y 2022) ................................ 15

*DiBella v. Hopkins*,
  403 F.3d 102 (2d Cir. 2005) .................................................................................... 10

*Frasier v. Gen. Elec. Co.*,
  930 F.2d 1004 (2d Cir. 1991) .................................................................................. 3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
  528 U.S. 167 (2000) ................................................................................................. 6

*Georgiou v. Harmon Stores, Inc.*,
  No. 2:22-CV-02861-BMC, 2023 WL 112805
  (E.D.N.Y. Jan. 5, 2023) ........................................................................................... 15

*Hunter v. Planned Bldg. Servs., Inc.*,
  No. 715053/2017, 2018 WL 3392476 (N.Y. Sup. Ct. June 20, 2018) .................... 4

*Hussain v. Pak Int'l Airlines Corp.*,
  No. 11-CV-932 (ERK) (VVP), 2012 U.S. Dist. LEXIS 152254
  (E.D.N.Y Oct. 23, 2012) .......................................................................................... 4

*IKEA U.S. v. Indus. Bd. Of Appeals*,
  241 A.D.2d 454 (2d Dep't 1997) ............................................................................. 4

*Jaghory v. N.Y. State Dep't of Educ.*,
  131 F.3d 326 (2d Cir. 1997) .................................................................................... 6, 7

*Kearns v. Cuomo*,
  981 F.3d 200 (2d Cir. 2020) ........................................................................ 6

*Kelen v. Nordstrom, Inc.*,
  259 F. Supp. 3d 75 (S.D.N.Y. 2016) ........................................................... 7

*Konkur v. Utica Acad. of Sci. Charter Sch.*,
  38 N.Y.3d (2022) ............................................................................. 13, 15

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) .................................................................................. 3, 6

*Maddox v. Bank of N.Y. Mellon Tr. Co.*,
  19 F.4th 58 (2nd Cir. 2021) ....................................................................... 7, 8

*Mahon v. Ticor Title Ins. Co.*,
  683 F.3d 59 (2d Cir. 2012) ............................................................................ 3

*Marcus Assocs., Inc. v. Huntington*,
  45 N.Y.2d 501 (1978) .................................................................................. 10

*Parker v. Time Warner Entm't Co., L.P.*,
  331 F.3d 13 (2d Cir. 2003) .......................................................................... 11

*Perez v. Comhar Grp. LLC*,
  No. 19-CV-0964 (FB) (JO), 2020 U.S. Dist. LEXIS 41771
  (E.D.N.Y. Mar. 6, 2020) ............................................................................ 6, 9

*Rosario v. Icon Burger Acq., LLC*,
  No. 21-CV-4313, 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022) ................... 7, 8

*St. Louis, I.M. & S. Ry. Co. v. Williams*,
  251 U.S. 63 (1919) ...................................................................................... 11

*Sheehy v. Big Flats Cmty. Day, Inc.*,
  73 N.Y.2d 629 (1989) .................................................................2, 13, 14, 15

*Sheppard v. Beerman*,
  18 F.3d 147 (2d Cir. 1994) ............................................................................ 3

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ................................................................................... 6

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
  538 U.S. 408, (2003) .................................................................................... 11

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) ............................................................................... 3, 7

*Vega v. CM & Assocs. Constr. Mgmt., LLC*,
  175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019) ............... 1, 5, 6, 8, 9, 11, 12

iv

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008) ................................................................................................. 3

*Zivkovic v Laura Christy, LLC*,
    No. 1:17-cv-553-GHW, 2022 US Dist. LEXIS 94839
    (S.D.N.Y. May 26, 2022) ............................................................................................. 10, 12

Defendant Pregis LLC[1] ("Pregis") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, to dismiss with prejudice the Complaint of Plaintiff Lori Bazinett ("Bazinett") (the "Complaint"), brought individually and on behalf of others similarly situated.

## I.     PRELIMINARY STATEMENT

Plaintiff Lori Bazinett ("Plaintiff") brings this lawsuit on behalf of herself and similarly-situated manual workers. Plaintiff claims a violation of New York Labor Law ("NYLL"), Article 6 §191, whereby she alleges that she was a manual worker and should have been paid on a weekly, rather than bi-weekly, basis. Plaintiff concedes she was paid. Her claim is merely that she was paid a week late. This claim, which is premised on a poorly reasoned and wrongly decided 2019 First Department decision, *Vega v. CM & Assocs. Constr. Mgmt., LLC,* 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), should be dismissed with prejudice for several reasons.

As an initial matter, Plaintiff lacks standing under Article III because she has no injury that could be remedied in this suit. Plaintiff does not seek lost wages; rather, she seeks to recover a penalty in the form of liquidated damages. Pursuant to the NYLL, liquidated damages are calculated as an "additional amount . . . equal to one hundred percent of the total amount of the wages found to be due." N.Y. Lab. Law § 198(1-a). Here, there is no dispute that Plaintiff, who admits she was paid in full, is "due" no monetary amount. Thus, applying the reasoning of *Vega* and the plain language of the NYLL, liquidated damages must be calculated as $0 because, of course, 100% of $0 is $0. Without any actual injury for which this Court could provide redress,

---

[1] Defendant notes that Pregis LLC has been improperly named Defendant as it was not the entity that employed Plaintiff.

Plaintiffs lack standing under Article III, and the pay frequency claim must be dismissed for lack of subject matter jurisdiction.

Plaintiffs' claim should also be dismissed pursuant to Rule 12(b)(6) because there is no express or implied private right of action for violations of §191. Section 198(1-a) by its plain terms does not create an express private right of action for an untimely payment, it only creates such a right for an "underpayment." Here, Plaintiff concedes she was paid all wages due. Similarly, Plaintiff cannot satisfy the three-prong *Sheehy* test for assessing whether an implied private right of action exists for violations of §191 because the legislature did not intend to create a private right of action.

For these reasons and the additional reasons set forth herein, the Court should dismiss Plaintiff's §191 claim in its entirety.

## II.    RELEVANT FACTUAL ALLEGATIONS

On or about April 10, 2023, Bazinett, individually and on behalf of all others similarly situated, filed her Complaint against Defendant alleging failure to pay timely wages under NYLL § 191. Bazinett[2] alleges she was employed by Defendant as a shipper/receiver, which she alleges qualifies her as a "manual worker" under NYLL. (Compl. ¶ 11)

Plaintiff further alleges that Defendant paid her bi-weekly. *Id*., ¶¶ 5, 11. She concedes that Defendant paid her all earned wages. *Id*., ¶11. Her claim is merely that she was paid late (i.e., bi-weekly instead of weekly). *Id.*   The Complaint is devoid of any allegation(s) of actual injury or harm to Plaintiff.

_____

[2] At the time of the alleged violation, Bazinett's surname was Etu.

Despite the lack of allegations amounting to actual injury or harm, Plaintiff seeks to recover liquidated damages, interest, and attorneys' fees, amongst other relief. *Id.*, ¶ 6. Defendant moves to dismiss with prejudice Plaintiff's Complaint and her class allegations.

## III.   ARGUMENT

### A.   Applicable Legal Standards

#### i.   Federal Rules of Civil Procedure 12(b)(1) and (6)

A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) where a plaintiff lacks Article III standing. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). For Plaintiffs to have standing, they must establish a concrete injury in fact – that is, "physical, monetary, or cognizable intangible harm[s] traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2206 (2021). If Plaintiffs are unable to show that a favorable decision could redress their injuries, i.e. that there is a "non-speculative likelihood that the injury can be remedied by the requested relief" the complaint will be dismissed for lack of standing under Article III. *See W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP,* 549 F.3d 100, 106-07 (2d Cir. 2008). Plaintiffs bear the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Where a complaint fails to state a claim, it must be dismissed pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citations). Dismissal is warranted when it is clear that no relief can be granted. *See Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (stating that motions to dismiss under Rule 12(b)(6) are granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

3

### ii.    Article 6 and Relevant Legal Landscape

Article 6 of the New York Labor Law, § 190 *et seq.* ("Article 6") governs the payment of wages, and § 191 governs pay frequency requirements for certain categories of employees. With respect to "manual workers," it provides:

> [a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned . . . . .

A "manual worker" is defined as "a mechanic, workingman or laborer." N.Y. Lab. Law § 190(4).

Section 191 does not contain a private right of action. However, §197 permits the New York State Department of Labor Commissioner to assess a penalty of $500 for a pay frequency violation,[3] and §218 permits the Commissioner to assess penalties, after an administrative proceeding, in an amount between $1,000-$3,000.[4]   For decades, New York state and federal courts consistently (and correctly) held that a mere pay frequency violation, without any actual underpayment of the wages, did not trigger a private right to damages under Article 6.[5] Rather, it

---

[3] N.Y. Lab. Law § 197: "Any employer who fails to pay the wages of his employees or shall differentiate in rate of pay because of protected class status, as provided in this article, shall forfeit to the people of the state the sum of five hundred dollars for each such failure, to be recovered by the commissioner in any legal action necessary, including administrative action or a civil action."

[4] N.Y. Lab. Law § 218(1): "Where the violation is for a reason other than the employer's failure to pay wages, benefits or wage supplements found to be due, the order shall direct payment to the commissioner of a civil penalty in an amount not to exceed one thousand dollars for a first violation, two thousand dollars for a second violation or three thousand dollars for a third or subsequent violation."

[5] *See Hunter v. Planned Bldg. Servs., Inc.*, No. 715053/2017, 2018 WL 3392476 (N.Y. Sup. Ct., June 20, 2018) (mere frequency of pay violation, without an actual underpayment, does not trigger the damages provision of Section 198); *IKEA U.S. v. Indus. Bd. Of Appeals,* 241 A.D.2d 454, 455 (2d Dep't 1997) (NYSDOL Commissioner assessed only a fine for violation of Section 191; there was no finding that the wages paid bi-weekly was an "underpayment" and liquidated damages were not assessed); *Hussain v. Pak Int'l Airlines Corp.,* No. 11-CV-932 (ERK) (VVP), 2012 U.S. Dist. LEXIS 152254, at *8 (E.D.N.Y Oct. 23, 2012) (dismissing frequency of pay claim because "[the New York Labor Law] contains no provision for private recovery for violations of its provisions regarding frequency of pay . . . ."); *Arciello v. Cnty. of Nassau,* No. 2:16-cv-3974 (ADS) (SIL), 2019 U.S. Dist. LEXIS 161167, at *22 (E.D.N.Y. Sep. 20, 2019) (dismissing Section 191 claim because Section 198 does not provide a remedy for the failure to timely pay wages); *Coley v. Vannguard Urban Improvement Ass'n,* No. 12-CV-5565 (PKC) (RER), 2018 U.S. Dist. LEXIS

was understood that any penalty for untimely wages was to be assessed solely by the Commissioner pursuant to §§197 or 218.

*Vega v. CM & Assoc. Constr. Mgmt., LLC*, upended this scheme in September 2019. 175 A.D.3d at 1145-46, 107 N.Y.S.3d at 288. In *Vega*, the plaintiff sought to collect liquidated damages for a violation of the manual worker pay frequency requirement in § 191(a), arguing that she should be able to assert a private cause of action pursuant to N.Y. Lab. Law § 198(1-a). *Id.* That section provides an employee may recover damages for an "underpayment" of wages, plus attorneys' fees and "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due[.]" N.Y. Lab. Law § 198(1-a).

In finding the plaintiff could state a claim, the First Department – relying on little more than Merriam-Webster[6] – construed late wages as an "underpayment," to put it within the purview of § 198(1-a) and concluded that plaintiff could state a cause of action for an alleged violation of § 191. *Vega*, *supra*, 175 A.D.3d at 1146, 107 N.Y.S.3d at 288 (holding that "Labor Law § 198 (1-a) expressly provides a private right of action for a violation of Labor Law §191"). In reaching this decision, the First Department does not to appear to have considered the long line of authority contradicting its holding.[7] Additionally, *Vega* did not establish the appropriate way to calculate damages for a violation of §191. *Vega* merely holds that a plaintiff can state a private right of action for a violation of the pay frequency law.

_____

50787 (E.D.N.Y. Mar. 27, 2018) ("The NYLL does not appear to provide" private recovery for Section 191 violations).

[6] *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d 286, 288 ("The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required' (Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]). The moment that an employer fails to pay wages in compliance with section 191 (1) (a), the employer pays less than what is required.").

[7] *See supra*, fn 4.

5

*Vega* also noted that an employer can raise payment as a defense to the underpayment claim, meaning that if the employer can establish that the late wages were paid (albeit late), a plaintiff will not recover an award of damages for the "underpayment." *Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 288 ("The employer may assert an affirmative defense of payment if there are no wages for the "employee to recover" (Labor Law § 198 [1-a])."); *see also Perez v. Comhar Grp. LLC,* No. 19-CV-0964 (FB) (JO), 2020 U.S. Dist. LEXIS 41771, at *18 (E.D.N.Y. Mar. 6, 2020) (noting that "[D]ouble recovery of the same wages and related damages is not permitted.").

### B.   Plaintiff Lacks Standing under Article III

Plaintiff's claim should be dismissed for lack of standing. Article III enables federal courts to hear only "cases" and "controversies." *Kearns v. Cuomo*, 981 F.3d 200, 207 (2d Cir. 2020). A case or controversy exists only when a plaintiff has suffered: (1) an injury in fact; (2) that is traceable to the defendant; and (3) that is redressable by a court ruling in the plaintiff's favor. *Lujan*, 504 U.S. at 560-61.

To satisfy the standing requirement under Article III, Plaintiff must allege that "(1) [she has] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the [Defendant]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). An injury is "concrete" if it is "*de facto*"; that is, it must actually exist, and cannot be "abstract." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Indeed, in order for the harm to be considered an "actual" injury, a decision in Plaintiffs' favor must provide redress for the injury. *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Because Plaintiff has not alleged an actual injury that could be remedied by the Court, she lacks standing to bring

this lawsuit. *Id.* If Plaintiff has not suffered a distinct injury that can be remedied by the court, as is the case here, she lacks standing to sue. *Id.*

> ### i. Plaintiff Concedes She Was Paid All She Was Due and Thus Cannot Establish Standing by Reference to an Economic Loss.

Plaintiff does not have Article III standing to bring a pay frequency claim because Plaintiff's Complaint only alleges a statutory violation, which insufficient to establish actual injury. The Supreme Court and Second Circuit have held that a statutory violation by itself does not give rise to an injury in fact. *See, e.g., TransUnion LLC,* 141 S. Ct. at 2214 (holding that a statutory violation by itself does not give rise to an injury in fact); *Maddox v. Bank of N.Y. Mellon Tr. Co.,* 19 F.4th 58 (2nd Cir. 2021) (holding that a plaintiff lacked standing where a statutory violation may result in harm, but plaintiff could not establish concrete harm prior to filing suit); *Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75, 79 (S.D.N.Y. 2016) ("[a] plaintiff cannot demonstrate that she has suffered a concrete injury by alleging a statutory violation alone."); *TransUnion LLC*, 141 S. Ct. at 2205 ("an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law.").

The Court should dismiss Plaintiff's Complaint because Plaintiff does not allege that a violation of the NYLL caused her concrete harm. Indeed, Plaintiff fails to plead that she was uncompensated or under-compensated; she pleads only that Defendant paid its manual workers every other week rather than on a weekly basis. (Compl. ¶ 5). Federal courts sitting in New York have specifically ruled that failure to pay weekly wages to a manual worker was insufficient to establish actual harm for purposes of standing. *See Rosario v. Icon Burger Acquisition, LLC,* No. 21-CV-4313 (JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022). In *Rosario*, plaintiff alleged that he was a manual worker and defendant failed to pay him on a weekly basis as allegedly required

under the NYLL. *Id.* Relying on the Second Circuit's decision in *Maddox*, the court found the mere late payment of wages was insufficient to establish harm under Article III: "*Maddox* underscores that, absent factual allegations that the plaintiff forewent the opportunity to invest or otherwise use the money to which he was legally entitled, he cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing." *Id.* at \*3. Here, Plaintiff has failed to plead injury, and her Complaint should be dismissed.

### ii. Pursuant to the Plain Language of §198, Plaintiff Is Not Entitled to Recover Liquidated Damages.

Moreover, a plain reading of N.Y. Lab. Law §198 establishes that Plaintiff will not be able to recover damages for her pay frequency claim. Section 191 mandates that all "manual workers" be paid weekly and "no later than seven calendar days after the end of the week in which the wages are earned...." N.Y. Lab. Law §191(1)(a)(i). While *Vega* found that a plaintiff could state a private right of action for a technical violation of the pay frequency law, the First Department did not consider the proper method to calculate damages, which is proscribed by 198(1-a).[8] Under § 198(1-a):

> In any action instituted in the courts upon a wage claim by **an employee** . . . **in which the employee prevails**, the court **shall allow such employee to recover the full amount of any underpayment,** all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law**, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due** . . . .

N.Y. Lab. Law § 198(1-a) (emphasis added).

---

[8] The only cases of which the undersigned are aware involving a final award of damages for a violation of the pay frequency law stem from default judgments where the defendants failed to appear. No case has gone to trial on this issue yet, and no defendant (to the undersigned's knowledge) has argued against an award of liquidated damages post-*Vega*.

Pursuant to *Vega,* employers who establish that late wages were ultimately paid raise a defense to an underpayment claim. Thus, when the wages are paid in full, a plaintiff cannot recover an award of damages for an "underpayment." *Vega*, 107 N.Y.S.3d at 288 ("The employer may assert an affirmative defense of payment if there are no wages for the "employee to recover" (Labor Law § 198 [1-a])."); *see also Perez*, 2020 U.S. Dist. LEXIS 41771, at *18 (noting that ". . . [D]ouble recovery of the same wages and related damages is not permitted.").

Plaintiff's own Complaint establishes that Defendant has a successful defense to any "underpayment" claim as Plaintiff concedes that she was paid all earned wages. Thus, even if Plaintiff tried the case to verdict and won, the only amount she could recover for the "underpayment" is $0. This is undisputed. Applying the plain language of the statute, if a court tried to award "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due," the court would award $0 – as one hundred percent of $0 is, of course, $0.

To the extent Plaintiff attempts to argue that *Vega* contemplates this situation and says that liquidated damages are still available,[9] she is incorrect. Liquidated damages *may* be available for a Plaintiff who can establish an underpayment, but that is not the case here, since Plaintiff was paid all wages due and claims no other "injury." Nothing in *Vega*, which only holds that an employee can assert a private cause of action for late payment of wages, undoes the plain application or language of § 198(1-a), nor could it.[10] It is well-settled that courts are not to legislate under the guise of interpretation even if it is in an attempt to remedy a perceived "statutory

---

[9] "However, payment does not eviscerate the employee's statutory remedies." *Vega*, 107 N.Y.S.3d at 288.

[10] Moreover, any purported attempt to analogize the FLSA with the NYLL is misguided. The liquidated damages provision of the FLSA is wholly distinct from the liquidated damages provision of the NYLL, and even so, nothing in *Vega* held that the provisions must be applied with equal force and effect.

infirmity." *Bright Homes, Inc. v. Wright*, 8 N.Y.2d 157, 162 (1960); *Marcus Assocs., Inc. v. Huntington*, 45 N.Y.2d 501, 506 (1978) ("But in scrutinizing a particular piece of legislation, courts must pay heed to their limited role, and scrupulously avoid entering into the legislative realm under the guise of constitutional interpretation."). Applying the plain language of § 198 (1-a), which the Court must do here, compels the conclusion that Plaintiff has no damages for the alleged untimely payment. Plaintiff has therefore failed to allege an injury in fact sufficient to establish Article III standing for violations of the NYLL and the Complaint must be dismissed.

### C. Plaintiff's Pay Frequency Claim Must Be Dismissed Pursuant to Rule 12(b)(6)

Even if Plaintiff can establish standing under Article III, and she cannot, the Complaint must be dismissed because there is no express or implied private right of action for an untimely payment under §191. *Vega* was wrongly decided, and this Court has no obligation to apply it here. Indeed, a court in the Southern District of New York, applying a different section of the NYLL, rejected a First Department holding, finding that the decision was "unreasoned and ran contrary to the clear text" of the statute. *See Zivkovic v. Laura Christy, LLC,* No. 1:17-cv-553-GHW, 2022 US Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022). Here, there is no doubt that *Vega* is "unreasoned" and "runs contrary to the clear text" of §§191 and 198 and thus, this Court is not bound by it.[11] As discussed further below, there is overwhelming data to suggest that, once presented with the issue *de novo*, the New York Court of Appeals will find there is no express or implied private right of action for violations of NYLL §191.

---

[11] While federal courts must generally follow the state law decisions of state intermediate appellate courts, they are not strictly bound if there exists persuasive data establishing that the highest court of the state would decide otherwise. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005); *see also DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) ("[R]ulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'").

Moreover, a finding that a private right of action exists for violations of § 191 would expose Defendant to disproportionate damages that violate the Due Process Clause of the Fourteenth Amendment. It is axiomatic that statutory penalties violate due process where "the penalty prescribed is so severe and oppressive as to be wholly disproportional to the offense and obviously unreasonable." *Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 26 (2d Cir. 2003) (citing *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67, (1919)). Here, there is no doubt that liquidated damages calculated as the full week of wages already paid, albeit one-week late, are grossly in excess of any harm alleged by Plaintiff. *See id*. The consequence of exposing companies to potentially billions of dollars in liability for mere technical violations resulting in little or no harm is exactly the kind of result the Due Process Clause was designed to defend against. *See id.; see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 409 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor."). Thus, the damages Plaintiff seeks violate the Due Process Clause of the Fourteenth Amendment and cannot stand.

### i. *Vega* Was Wrongly Decided and There Can Be No Express Private Right of Action For an Untimely Payment

It is hard to imagine a decision that got it more wrong than the First Department's three-page decision in *Vega*. Indeed, *Vega* cut against decades of precedent in New York which held the opposite – i.e., that §191 does not create a private right of action affording damages absent an actual underpayment of wages. Section 191 establishes a weekly pay frequency rule, subject to exception, for manual workers. Specifically, NYLL §191(1)(a) states in relevant part:

a. Manual worker.—— (i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed by an employer authorized by the commissioner pursuant to subparagraph (ii) of this paragraph or by a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

NYLL § 191(1)(a). Section 191 does not, by its plain language, provide employees a private right of action to enforce the timing of payment requirement.

In finding a private right of action, *Vega* interpreted underpayment to include payments that were "untimely", based purely on a dictionary definition that makes no mention of timing.[12] Section 198(1-a) itself limits private rights of action to instances of "underpayments." As explained above, damages are limited to circumstances where the employee did not receive their complete earnings, meaning that a violation for §191 without an underpayment does not trigger damages under §198. The legislature could have enacted a broader scheme if it intended to create a private right of action for technical violations of §191 – or used the phrase "untimely payment" in §198(1-a) – but it did not. Rather, it chose to limit private actions to "underpayments", as distinct from mere technical violations of the statute.

The fact that other courts have followed *Vega* – likely only because the New York Court of Appeals has not yet had the opportunity to review the issue – is of no moment. As explained herein, *Vega* is not persuasive authority and this Court is under no obligation to apply it. *See Zivkovic*, 2022 U.S. Dist. LEXIS 94839, at *10. The holding of *Vega* (and its failure to simply apply the plain language of the statute) flouts the most fundamental principles of statutory interpretation. A strict reading of the applicable provisions compels the conclusion that §191 does not create a private right of action for payments that were paid in full, but late. Accordingly, Plaintiff fails, as a matter of law, to state a claim for relief under NYLL §191 and her claim must be dismissed.

---

[12] Underpay is defined as "to pay less than what is normal or required." *See* Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]; *Vega*,  175 A.D.3d 1144, 1145, 107 N.Y.S.3d 286, 288. Nowhere in the dictionary definition of "underpay" cited by *Vega* is there a mention of or reference to the "timing" of the alleged payment.

### ii.     Section 191 Does Not Contain an Implied Private Right of Action

Similarly, Plaintiff's claim fails because the legislative intent of §191 does not favor an implied private right of action. In *Konkur v. Utica Acad. of Sci. Charter Sch.*, the New York Court of Appeals declined to find a private right of action under a similar provision which also falls under Article 6 of the NYLL.38 N.Y.3d 38 (2022). In so doing, the Court restated that private rights of action under Article 6 are not to be presumed and can be found "***only*** if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Id.* at 40. To determine that no such implied right of action exists with respect to § 198-b, as the Court did in *Konkur*, the three-factor *Sheehy* test must be applied. Applying the *Sheehy* factors to §191 compels the conclusion that no private right of action exists. Notably, the First Department in *Vega* did not go through the exercise of applying these factors in any detail.

Plaintiff will not be able to satisfy the *Sheehy* test. *See Sheehy v. Big Flats Cmty. Day, Inc.*, 73 N.Y.2d 629, 633 (1989). The test queries: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Id.*  With respect to the second factor, the legislature certainly did not intend the statute to provide a remedy to allow workers to obtain a windfall and collect liquidated damages on wages already paid. Indeed, as discussed above, it is clear that the legislature intended a modest penalty to be assessed for any violations. The legislature limits private rights of action to instances of "underpayments" (i.e., wages that were not paid at all or paid less than what was agreed). Thus, there is no doubt a private right of action would not promote the legislative purpose, given that civil penalties for technical violations already exist.

Plaintiff also will not be able to satisfy the third, and most important, factor of the *Sheehy*

test because a "private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature…." *Id.*, 634-635. By its terms, the legislature expressly authorized the Commissioner to issue civil penalties pursuant to N.Y. Lab. Law §§ 197 and 218 for pay frequency violations.[13] Since its inception, (and previous iterations) nearly 130 years ago, the statute has established this plenary enforcement mechanism. Because the statutory scheme expressly provides for a penalty to be assessed solely by the Commissioner, "indicating that the legislature considered how best to effectuate its intent and provided the avenues for relief it deemed warranted", this Court cannot plausibly find the existence of another mechanism for enforcement via a private right of action. *See Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 70, 979 N.Y.S.2d 257, 262 (2013). Plaintiff will not be able to satisfy the *Sheehy* factors, and her claim should be dismissed.

With respect to §191, there is no dispute that the section itself does not create a private right of action, and there is no dispute that Article 6 does not expressly provide for one. Rather, the legislature expressly authorized the Commissioner to issue civil penalties pursuant to N.Y. Lab. Law §§197 and 218 for pay frequency violations.[14] Section 198(1-a) itself limits private rights of action to instances of "underpayments." The legislature could have enacted a broader scheme if it intended to create a private right of action for technical violations of §191 – or used the phrase "untimely payment" in § 198(1-a) – but it did not. Rather, it chose to limit private actions to "underpayments", as distinct from mere technical violations of the statute. Thus, the application

---

[13] The legislature made clear that penalties under N.Y. Lab. Law §§ 197 and 218 encompassed any violations of Article 6 related to wage payments. *See* N.Y. Lab. Law § 197 (civil penalties where employer fails to pay wages "as provided in this article") (emphasis added); *Id.* § 218 (civil penalties where "employer has violated a provision of article six").
[14] The legislature made clear that penalties under N.Y. Lab. Law §§ 197 and 218 encompassed any violations of Article 6 related to wage payments. *See* N.Y. Lab. Law § 197 (civil penalties where employer fails to pay wages "as provided in this article") (emphasis added); *Id.* § 218 (civil penalties where "employer has violated a provision of article six").

of the *Sheehy* factors establishes that a private right of action for violations of §191 is "inconsistent with the comprehensive statutory enforcement scheme." Absent a private right of action, the Complaint must be dismissed.

Indeed, in *Georgiou v. Harmon Stores, Inc.*, No. 2:22-CV-02861-BMC, 2023 WL 112805, at *4 (E.D.N.Y. Jan. 5, 2023), the court held that any implied right of action under NYLL Sec. 191 permitted in *Vega* has been abrogated by *Konkur* (discussed infra). Specifically, the court stated:

> [I] have no trouble finding that *Vega's* alternative holding that there is an implied right of action has been abrogated by *Konkur*. *Vega* simply assumed that if a plaintiff is a member of the class that the legislature intended to protect, and private enforcement would further the purposes of the statute – the first two requirements for implying a private right of action – it follows *a fortiori* that private enforcement would not be inconsistent with the statute. As *Konkur* shows, however, that assumption is wrong. *Konkur* made it clear that where the Legislature has already provided an enforcement mechanism, there is a strong likelihood that judicial creation of an additional remedy (private enforcement) may be inconsistent with the Legislature's intent.

*Id*. Likewise, in *Day v. Tractor Supply Co.*, 22-CV-489-JLS-MJR, 2022 WL 19078129 *6 (W.D.N.Y 2022), the court recognized that "contrary authority exists, with several state and federal courts doubting, or expressly disagreeing, that NYLL creates a remedy for late, but full, payments of wages."

## IV. <u>CONCLUSION</u>

For each of the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint with prejudice in its entirety and award to Defendant such other and further relief as it deems just and proper.

15

DATED:    JUNE 5, 2023.                                    Respectfully submitted,


                                                    By:    /s/ Jennifer H. Kay
                                                           One of the Attorneys for Defendant
                                                           **PREGIS, LLC**


Jennifer H. Kay (ARDC No. 6226867)
**OGLETREE,  DEAKINS,  NASH,**
  **SMOAK & STEWART, P.C.**
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
*jennifer.kay@ogletree.com*


16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on June 5, 2023, the foregoing ***Defendant's Memorandum in Support of its Motion to Dismiss*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

Philip L. Fraietta
Yitzchak Kopel
Alec M. Leslie
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone:     646.837.7150
Facsimile:     212.989.9163
ykopel@bursor.com
aleslie@bursor.com

*Attorneys for Plaintiff*

/s/  Jennifer H. Kay